GEORGE TURNER v. CREBILL AND OTHERS.

*Final Decree—Notice.*

Final decree in equity is not notice to a subsequent purchaser.

THE facts of this case were as follows: Before the first Tuesday of August, 1807, the complainant prosecuted a bill in chancery, in the common pleas of Hamilton county, against one A. King and M. Williams, to obtain the assignment of a certificate for the tract of land now held by the defendants. At the August term, 1807, a decree was pronounced by the common pleas, from which an appeal was taken to the Supreme Court.

On the 22d day of September, 1808, the Supreme Court decreed that King and Williams should assign the certificate to Turner; but the decree not to be operative if the complainant did not pay to King a certain sum of money by the first day of June, 1809, provided King and Williams should at any time before that day assign or tender an assignment of the certificate.

King and Williams did not tender an assignment of the certificate, nor did Turner pay the money by the first day *of [373 June, 1809. Sequestration was ordered to enforce the decree, which was not executed.

Williams carried the certificate into grant, and conveyed the land, part in 1810, and part in 1813, to the present defendants,

Turner v. Crebill and others.

who had no notice of the decree in Hamilton county, or of the complainant's claim.

On the 1st day of June, 1814, Turner paid the money into the clerk's office of the supreme court in Hamilton county, and upon motion obtained a writ of possession for the land. This writ was superseded. Turner then prosecuted a bill against the defendants, to enforce against them the decree in Hamilton county, charging that they were *lite pendente* purchasers and other ways had notice. The defendants denied notice in their answers, and the complainant's bill was dismissed by the supreme court in Champaign county. Upon this decree of dismissal the present bill of review was prosecuted in the supreme court of Champaign county, and adjourned for decision to this court.

COOLEY, for complainant:

The decree in Hamilton county directed the certificate to be assigned and the money paid at a future day. Until these acts were performed it could not be final. In Worsley v. The Earl of Scarborough, 3 Atk. 361, Chancellor Hardwicke says that "a decree to account is not such a one as puts a conclusion to the matter in question; there is still such a suit as affects people with notice of what is doing." So, in this case, a "conclusion was not put to the matter in dispute;" a writ of *habere facias* was awarded in 1814. By the very terms of the decree it was at the will of either party to defeat its operation. If, upon tender of the assignment, Turner failed to pay the money, King could only proceed by proof of the fact and motion to dismiss the bill. If upon offer of the money, King or Williams refused to assign the certificate, the party must call upon the court to take further order to secure him his rights. The orders made subsequent to September, 1808, are conclusive that the decree was not final. Consequently the defendants purchased pending the suit, and are not protected as 'purchasers without notice. The original decree is erroneous, and ought to be reversed.

374]    *BACON, for defendant:

The decree of the supreme court of Hamilton county, rendered in September, 1808, was a final decree. All the rights of the parties are fixed and determined by it. No further act is to be done by the court. The parties only are actors. Costs are decreed against one of the parties, which is only done upon a final

384

,decree. Where a decree is merely interlocutory, the cause is ordered to stand over, or be continued for further proceedings. There is no such order in this case.

The proceedings in Ross county were such as are used to enforce a final decree, and such was their object. So the order to issue a *habere fàcias* in 1814, could only be founded upon the fact that the decree was final.

In the cases cited from 3 Atkins, 361, by the opposite counsel, Lord , Hardwicke expressly declares that a final decree is not notice to a purchaser. As the decree in question here was final, there is no ground to disturb the decree upon which this bill is prosecuted.

By the COURT:

We can not doubt but that the decree made in Hamilton county in September, 1808, was a final decree between the parties to it.

The subsequent orders were such as are usually made to give effect to a final decree, and can not lead to a conclusion that any of the original matters litigated in the suit were still open to be decided.

It is well settled that a final decree is not notice to a purchaser. It is not pretended that the purchaser had actual notice.

The bill of review must be dismissed.